UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sheri Saltzman,

        Plaintiff(s),

v.

I.C. System, Inc.,

        Defendant(s).
_____/

Case No. 09-10096

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]**

Plaintiff Sheri Saltzman filed this action in which she alleges that Defendant I.C. System, Inc. violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 *et seq.*, and the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901 *et seq.* Defendant argues that it has not violated the provisions of these statutes. This matter comes before the Court on Defendant's motion for summary judgment.

For the reasons set forth below, Defendant's motion is GRANTED.

**I.    Facts**

Plaintiff has resided at 1216 State Street, Lapeer, Michigan since April 2007 and through the commencement of this action. (Saltzman Dep., Def.'s Mot., Ex. 2 at 3-4.) At some point, not disclosed in the record, Plaintiff obtained a credit card from Washington Mutual. The debt at issue in this matter is the result of a past due balance of approximately

$5,000.00 on this credit card account. (Def.'s Mot. at 1.) Plaintiff admits the debt is hers, has not disputed the amount owed, and acknowledges her failure to pay it.[1] (Saltzman Dep., Def.'s Mot., Ex. 2 at 9, 13-15, 25.)

Defendant, a Minnesota corporation, provides debt collection services to its clients. (Def.'s Mot. at 1.) Washington Mutual is one such client. (*Id.* at 2.) Plaintiff's debt was placed for collection with Defendant by Washington Mutual on November 7, 2008. (Johnson Aff., Def.'s Mot., Ex. 3 at ¶ 6.) Defendant made efforts to collect this debt between November 8, 2008 and December 10, 2008. (*Id.* at ¶¶ 6, 7.) Defendant's collection efforts were limited to one written communication and numerous telephone calls.

On November 8, 2008, Defendant mailed an initial written collection letter to Plaintiff's residence in Lapeer, Michigan. (*Id.* at ¶ 6; Def.'s Mot., Ex. 3 at 4.) Plaintiff acknowledged receipt of a letter from Defendant, but did not recall if it was the same letter Defendant allegedly sent. (Saltzman Dep., Def.'s Mot., Ex. 2 at 17.)

Between November 9, 2008 and December 10, 2008, Defendant made multiple attempts to contact Plaintiff by telephone.[2] According to Defendant's business records,

---

[1] Although Plaintiff never disputed the amount of the debt owed to Washington Mutual (Saltzman Dep., Def.'s Mot., Ex. 2 at 25), Plaintiff alleged that she had purchased credit protection. (Saltzman Dep., Def.'s Mot., Ex. 2 at 20-21, 26.) The credit protection, however, was not alleged to be related to the debt itself.

[2] The facts pertaining to the parties' telephone correspondence in this case have been extrapolated from two exhibits, which neither party has made any effort to summarize or interpret for the Court. (*See* Def.'s Mot., Ex. 3-4). The first exhibit, attached as Def.'s Mot. Ex. 4, is a call log in which Plaintiff summarizes various notes documenting telephone correspondence between her and Defendant. (Saltzman Dep., Def.'s Mot., Ex. 2 at 18, 21.) Plaintiff has not produced an affidavit authenticating this document nor has she provided any support for the call log's admissibility. Although this exhibit poses evidentiary concerns, Defendant has not affirmatively objected to its use. To the contrary, Defendant has relied, in part, upon it in its motion. (Def.'s Mot. at 5, 7, 8.) As inadmissible documents may be

approximately twenty unsuccessful telephone calls were placed to Plaintiff between November 10, 2008 and December 10, 2008, and two successful telephone calls were placed to Plaintiff: one on November 9, 2008 and one on December 2, 2008. (Johnson Aff., Def.'s Mot., Ex. 3 at ¶ 9; Def.'s Mot., Ex. 3 at 5-30.) Plaintiff, in a call log that she allegedly maintained during the relevant collection period, documented that, between November 10, 2008 and December 12, 2008, Defendant placed approximately ten successful telephone calls and attempted approximately fifty unsuccessful telephone calls. (Saltzman Dep., Def.'s Mot., Ex. 2 at 18; Def.'s Mot., Ex. 4 at 1-2.) In her deposition, Plaintiff explained that the December 12, 2008 call recorded on her call log was from another collection agency, FMA Collections, and the last call she received from Defendant was on December 9, 2008. (Saltzman Dep., Def.'s Mot., Ex. 2 at 24; Def.'s Mot., Ex. 4 at 1-2.) Plaintiff also stated in her deposition that Defendant placed calls to her as late as 10:00p.m., and that these calls were listed on her call log. (*Id.* at 26.) However, no calls later than 8:53p.m. can be located on the call log. (Def.'s Mot., Ex. 4 at 1-2.)

Defendant's business records also indicate that Plaintiff placed one telephone call to Defendant on November 9, 2008. (Johnson Aff., Def.'s Mot., Ex. 3 at ¶ 10; Def.'s Mot., Ex. 3 at 6.) Plaintiff, in her deposition, stated that she placed telephone calls to Defendant, but

---

considered by the court if not challenged, the Court will consider Plaintiff's call log. *See* 10A A.C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2722 at 384 & n. 43 (2d ed. 1998 & Supp.2009) (collecting cases). The second exhibit, attached as Def.'s Mot. Ex. 3, consists of a printout from Defendant's computer database that summarizes the telephone calls and attempted calls between Plaintiff and Defendant. According to an affidavit produced by Defendant, all account records for accounts placed for collection with Defendant are maintained on this database, all activity related to an account is recorded in this database and is kept in the ordinary course of Defendant's business, and the database automatically tracks and records all "inbound" and "outbound" calls made on an account. (Johnson Aff., Def.'s Mot., Ex. 3 at ¶ 2-4.)

3

she could not recall how many times she called Defendant with the exception of a call she placed to Defendant on the first day that Defendant contacted her–which she recalled was on November 10, 2008. (Saltzman Dep., Def.'s Mot., Ex. 2 at 22.)

No other form of communication between Defendant and Plaintiff was attempted. Defendant's collection efforts ceased on December 10, 2008.

Defendant now seeks summary judgment in its favor on all of Plaintiff's federal and state-law claims.

## II. Summary Judgment Standard

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must

set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III. Analysis

Plaintiff alleges that Defendant violated nine provisions of the FDCPA, seven provisions of the MCPA, and seven provisions of the MOC based on both the collection methods employed by Defendant and the contents of its verbal communications in the course of its collection efforts. The Court will consider each statute in turn.

**A. FDCPA Claims**

The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA broadly prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct, from using false, deceptive, and misleading representations, and from collecting debts through unfair or unconscionable means. *See* 15 U.S.C. §§ 1692d, 1692e, 1692f.

According to the Sixth Circuit, FDCPA violations should be analyzed under a "least sophisticated consumer" standard. *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992). As applied, this standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Smith v. Compute Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) (citation omitted).

5

Here, Plaintiff claims that Defendant's telephone conduct, in its attempt to collect the balance of Plaintiff's debt, violated the following provisions of the FDCPA: §§ 1692e(2)(A), (5), (10), (11) (false or misleading representations); §§ 1692d, (2), (5), (6) (harassment or abuse); and § 1692f (unfair practices). (Compl. ¶¶ 27-35.)

In support of Plaintiff's claims, she makes the following principal factual allegations: (1) Plaintiff received numerous calls from Defendant as to the collection of an alleged debt; (2) Defendant threatened Plaintiff with a lawsuit, and to date, no such lawsuit has been filed; (3) Defendant contacted Plaintiff everyday, several times a day, in an attempt to collect on this alleged debt; (4) Defendant continued to call Plaintiff several times after Plaintiff repeatedly asked Defendant to stop calling her; (5) Defendant was rude and abusive in conversations with Plaintiff by hanging up on Plaintiff and refusing to provide Plaintiff with its address; (6) Defendant failed to state that it is a debt collector attempting to collect a debt in every conversation with Plaintiff; and (7) Defendant failed to state its company name in every conversation with Plaintiff. (Compl. ¶¶ 17, 19-24; Saltzman Aff., Def.'s Mot., Ex. 1 at 15.)

Despite Plaintiff's numerous FDCPA claims, Plaintiff provides virtually no evidentiary support for her claims beyond the generic allegations contained in her Complaint. *See, e.g.*, *Millsap v. CCB Credit Services, Inc.*, No. 07-11915, slip op. at 8 (E.D. Mich. Sept. 30, 2008) (granting defendant's motion for summary judgment where "plaintiff's deposition testimony and the affidavit accompanying her complaint [were] so vague, conclusory, and unresponsive on certain key points that they fail[ed] to evidence the 'personal knowledge' that would permit their use in opposition to Defendant's motion"). Further, Plaintiff has

provided little, if any, relevant case law to support her allegations and opposition to Defendant's motion.

Under Rule 56, the party opposing a motion for summary judgment "may not rely merely on allegations ... in its own pleading; rather, its response must ... set out *specific facts* showing a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be *no genuine* issue of material fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). If the disputed evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Plaintiff has not met this standard, and Defendant is entitled to summary judgment in its favor on each of Plaintiff's FDCPA claims.

### 1.  §§ 1692e(5), (2)(A), (10), (11) (false or misleading representations)

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff alleges that Defendant's verbal conduct in the course of its debt collection activities was false or misleading thereby violating multiple subsections of § 1692e: specifically §§ (5), (2)(A), (10), (11).

#### a.  § 1692e(5)

Plaintiff first alleges Defendant violated § 1692e by threatening Plaintiff with a lawsuit. Under § 1692e(5), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" is a violation of the FDCPA. 15 U.S.C. § 1692e(5). In her affidavit

accompanying her Complaint, Plaintiff stated that Defendant "has threatened to file a lawsuit against me, to date, no such lawsuit has been filed." (Saltzman Aff., Def.'s Mot., Ex. 1 at 15.)

Beyond this generic allegation, Plaintiff's affidavit only offers the same vague allegation that Defendant threatened her with a lawsuit and does not identify any specific statements made by Defendant or its representatives. (Compl. at ¶ 19; Saltzman Aff., Def.'s Mot., Ex. 1 at 15.) Plaintiff's deposition testimony adds little, if any, factual basis for these claims. Plaintiff testified that she could not remember how the conversation started or the exact words used to threaten her with a lawsuit, but that the Defendant's representative just was not nice. (Saltzman Dep., Def.'s Mot., Ex. 2 at 19, 21.) Plaintiff could not recall to whom she was speaking. (*Id.* at 19.) Further, Plaintiff's own call log, in which she wrote down notes from conversations with Defendant, shows no record of Plaintiff being threatened with a lawsuit nor does it record when this alleged conversation occurred. (Def.'s Mot., Ex. 4 at 1-2.)

In *Millsap*, the plaintiff "offered only a conclusory assertion in her affidavit that Defendant threatened her with a law suit ..., but was unable at her deposition to suggest, even broadly, when this threat might have been made, who might have made it, what exactly was said, or the context in which this subject arose." *Millsap*, No. 07-11915, slip op. at 22. The court granted the defendant's motion for summary judgment holding that "[t]his 'scintilla' of evidence, if that, is manifestly inadequate to support a finding in Plaintiff's favor by a reasonable trier of fact. Indeed, it would be unfair to insist that Defendant attempt to rebut such nebulous claims, absent even the slightest indication of when the alleged

violations occurred, what they consisted of, or which of its employees might have committed them." *Id.*

Moreover, Plaintiff has made no allegation that Defendant either could not legally take action or did not intend to do so. *See Whayne v. U.S. Dept. of Educ.*, 915 F.Supp. 1143, 1145 (D. Kan. 1996) ("The FDCPA, however, does not prohibit a debt collector from merely attempting to collect on a debt. Nor are threats to take legal action or to report a debtor to credit agencies actionable, unless the action threatened cannot legally be taken, is not intended to be taken, or involves the communication of false information."). *See also Jeter v. Credit Bureau, Inc.*,760 F.2d 1168, 1175 (11th Cir. 1985) ("subsection (5) requires proof of a fact which amounts to a per se violation of § 1692e[(5)]."). To the contrary, Plaintiff admits the debt is hers, has not disputed the amount owed, and acknowledges her failure to pay it. (Saltzman Dep., Def.'s Mot., Ex. 2 at 9, 13-15, 25.)

Plaintiff has failed to offer any credible evidence to support her contention. Despite application of the least sophisticated consumer standard and viewing in a light most favorable to her, she has not and cannot establish a claim that Defendant threatened her with legal action in violation of §1692e(5). Defendant is entitled to summary judgment in its favor on this claim.

### b. § 1692e(2)(A)

Plaintiff next alleges that Defendant violated § 1692e(2)(A) of the FDCPA. Section 1692e(2)(A) prohibits "[t]he false representation of ... the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiff, however, relies on the same conduct of the Defendant that she relied on in her § 1692e(5) claim. (*See* Compl. ¶¶ 31, 35.)

Where Plaintiff fails to allege misconduct other than that asserted to violate another FDCPA provision, such "will be deemed deficient under this provision." *Taylor v. Heath W. Williams, L.L.C.*, 510 F.Supp.2d 1206, 1217 (N.D. Ga. 2007). Plaintiff's Complaint and her affidavit alleges that the threat to file a lawsuit violated other provisions of the FDCPA: specifically § 1692e(5). Plaintiff's failure to specifically identify how this conduct was also false or misleading under § 1692e(2)(A) warrants dismissal of this claim. Additionally, as with Plaintiff's § 1692e(5) claim, Plaintiff has failed to offer any credible evidence to support this contention beyond the vague allegations contained in her Complaint and affidavit.

The record does not suffice to raise a genuine issue of material fact as to Plaintiff's § 1692e(2)(A) claim, and, consequently, Defendant is entitled to summary judgment in its favor on this claim.

### c. § 1692e(10)

Plaintiff's third § 1692e claim alleges that Defendant violated subsection (10) which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Plaintiff alleges that paragraphs 19, 22, 23 and 24 of her Complaint support the § 1692e(10) violations. (Compl. ¶ 27).

Again, specific provisions of the FDCPA address the type of conduct alleged in these paragraphs and are discussed in other parts of this Opinion.[3] As Plaintiff has failed to allege misconduct other than that asserted to violate another FDCPA provision, such "will be deemed deficient under this provision." *Taylor*, 510 F.Supp.2d at 1217. Plaintiff's failure to

---

[3] For example, see discussion regarding § 1692e(5); § 1692d; § 1692d(6); and § 1692e(11).

specifically identify how this conduct was also false or misleading under § 1692e(10) warrants dismissal of this claim. Additionally, Plaintiff has failed to offer any credible evidence to support this contention beyond her vague allegations.

The record, here too, does not suffice to raise a genuine issue of material fact as to this claim. Defendant is also entitled to summary judgment in its favor on this claim.

### d.  § 1692e(11)

Plaintiff's final § 1692e claim alleges that Defendant violated subsection (11). Section 1692e(11) states that

> [t]he failure to disclose in the *initial* written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in *subsequent* communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11) (emphasis added). Plaintiff alleges that her § 1692e(11) claim is based upon paragraph 23 of her Complaint. (*See* Compl. ¶¶ 23, 32). However, the Complaint misstates the law under the FDCPA: full disclosure is only required in the initial communication. 15 U.S.C. § 1692e(11). Subsequent communications between a debt collection agency and a debtor must only convey that the communication is from a debt collector. *Id.* Section 1692e(11) does not require the debt collection agency to use specific language in its communications.

Furthermore, analogous to the § 1692d(6) discussion below, Plaintiff's § 1692e(11) claim focuses on the argument that Defendant did not adequately disclose its identity during the telephone conversations with Plaintiff. As discussed below with the alleged § 1692d(6) violations, the disclosures made by Defendant adequately informed Plaintiff of its

11

identity about the matter in which it was calling. Accordingly, Defendant is entitled to summary judgment in its favor on the § 1692e(11) claim.

### 2. §§ 1692d, (2), (5), (6) (harassment or abuse)

Plaintiff also alleges that Defendant violated §§ 1692d, (2), (5), and (6) of the FDCPA. (Compl. ¶¶ 28, 29, 33, 34). Section 1692d provides that:

> a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this Section: ...
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader. ...
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) ... the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.

#### a. §§ 1692d, (2), (5)

In support of Plaintiff's §§ 1692d, (2), and (5) claims, Plaintiff alleges that: (1) Plaintiff received numerous calls from Defendant as to the collection of an alleged debt; (2) Defendant threatened Plaintiff with a lawsuit, and to date, no such lawsuit has been filed; (3) Defendant contacted Plaintiff everyday, several times a day, in an attempt to collect on this alleged debt; (4) Defendant continued to call Plaintiff several times after Plaintiff repeatedly asked Defendant to stop calling her; and (5) Defendant was rude and abusive in conversations with Plaintiff by hanging up on Plaintiff and refusing to provide her with its address. (Compl. at ¶¶ 17, 19-22; Saltzman Aff., Def.'s Mot., Ex. 1 at 15.) Plaintiff contends

that the telephone calls, placed by Defendant during the five week collection period, is a violation of the FDCPA.[4]

The determination of whether a debt collection agency's telephone calls amount to "actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F. Supp.2d 492, 505 (D. Md. 2004).

> Thus, the courts have found, for example, that an immediate callback after the debtor has hung up or has indicated his or her unwillingness to speak to the debt collection agency may constitute improper harassment. *See Lovelace v. Stephens & Michaels Associates, Inc.*, No. 07-10956, 2007 WL 3333019, at *7 (E.D. Mich. Nov. 9, 2007). In contrast, a debt collector does not necessarily engage in harassment by placing one or two unanswered calls a day in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct such as threatening messages. *See Udell v. Kansas Counselors, Inc.*, 313 F. Supp.2d 1135, 1143-44 (D. Kan. 2004). Plaintiff carries the burden of establishing that Defendant's calls in this case ran afoul of § 1692d(5). *See Kerwin v. Remittance Assistance Corp.*, 559 F. Supp.2d 1117, 1124 (D. Nev. 2008).

*Millsap*, No. 07-11915, slip op. at 14-15.

The Court finds no evidence in the record from which a reasonable trier of fact could infer that Defendant acted with the requisite "intent to annoy, abuse, or harass" in making the telephone calls at issue. *See* 15 U.S.C. § 1692d. Defendant only placed calls to Plaintiff's residence. (Saltzman Dep., Def.'s Mot., Ex. 2 at 9-10.) Although Plaintiff alleges that she requested Defendant to stop calling her, she did not send Defendant a cease and desist letter, dispute the amount owed, or provide evidence that Defendant has acted in a manner that would be actionable as harassment, oppression or abuse. (*Id.* at 22, 25.)

---

[4] As noted above, Defendant placed somewhere between twenty and fifty unsuccessful telephone calls and between two and ten successful telephone calls from approximately November 9, 2008 through December 12, 2008.

Plaintiff also acknowledges receipt of written correspondence from Defendant. (*Id.* at 17.) At Plaintiff's deposition, she testified that she did not answer the vast majority of Defendant's telephone calls, as she recognized Defendant's telephone number on her caller I.D. (*Id.* at 23.) Plaintiff further testified that she did not recall Defendant leaving any voice messages for her. (*Id.* at 23.) The record also indicates a significant disparity between the number of telephone calls placed by Defendant and the number of actual successful conversations with Plaintiff–a ratio of, at best, 1:5. This suggests a "difficulty of reaching Plaintiff, rather than an intent to harass." *Millsap*, No. 07-11915, slip op. at 17.

Beyond the broad allegations contained in her Complaint, Plaintiff has failed to point to any specific circumstances surrounding these telephone calls that would show any intent, on the part of Defendant, to harass, annoy or abuse. Plaintiff has not pointed to any evidence in the record regarding the amount, frequency, pattern, or content of Defendant's calls that would suggest anything other than a legitimate, albeit persistent, effort to reach her. As the FDCPA does not prohibit such legitimate attempts to contact a debtor,[5] and due to Plaintiff's failure to produce evidence demonstrating a genuine issue of material fact, Defendant is entitled to summary judgment in its favor on this claim.

### b. § 1692d(6)

Plaintiff also alleges Defendant violated § 1692d(6) which prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6).

---

[5] Courts have held that this type of conduct to collect a debt is permitted as a matter of law. *See, e.g., Udell v. Kansas Counselors, Inc.*, 313 F.Supp.2d 1135, 1143-44 (D. Kan. 2004) ("In this case, [defendant] ... simply placed four telephone calls to plaintiffs over the course of seven days and chose not to leave a message. There is nothing harassing, oppressive, or abusive about this conduct. Certainly, it does not fall within the realm of the other types of egregious conduct specifically prohibited by § 1692d.").

This claim, as does Plaintiff's § 1692e(11) claim, focuses on the argument that Defendant did not adequately disclose its identity during the telephone conversations with Plaintiff.

Meaningful disclosure "requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked." *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.Supp.2d 1104, 1112 (C.D. Cal. 2005).

In support of Plaintiff's § 1692d(6) claim, she alleges that: (1) Defendant failed to state that it is a debt collector attempting to collect a debt in every conversation with Plaintiff; and (2) Defendant failed to state its company name in every conversation with Plaintiff. (Compl. ¶¶ 23-24.) Each of these allegations will be discussed in turn.

Specific provisions of the FDCPA address the type of conduct alleged in paragraph 23 and is discussed in other parts of this Opinion.[6] Because Plaintiff failed to allege misconduct other than that asserted to violate another FDCPA provision, such "will be deemed deficient under this provision." *Taylor*, 510 F.Supp.2d at 1217. Additionally, Plaintiff's failure to specifically identify how this conduct constitutes harassment or abuse under § 1692d(6) also warrants dismissal of this claim.

Moreover, even though the allegation in paragraph 24, if established, could lead to a violation of the FDCPA, Plaintiff produces no evidence to demonstrate any such violation. To the contrary, Plaintiff's deposition testimony acknowledges that Defendant informed her of its identity during the telephone conversations. (Saltzman Dep., Def.'s Mot., Ex. 2 at 20.) Plaintiff also stated in her deposition that she knew when Defendant was calling her

---

[6] For example, see discussion regarding § 1692e(11).

15

because she recognized the number on her caller I.D. (*Id.* at 21, 25.) *See, e.g.*, *Udell*, 313 F.Supp.2d at 1143 ("The court cannot envision a theory that [defendant] ... affirmatively attempted to hide its identity when it placed the telephone calls because [plaintiff's] ... letter lists the [defendant's] ... telephone numbers from which the four telephone calls were placed to plaintiffs. Thus, it appears that plaintiffs knew [defendant] ... called them by virtue of a caller identification system and further that [defendant] ... did not attempt to block plaintiffs' caller identification when it placed the telephone calls."). During each successful telephone conversation, Plaintiff was informed of the caller's identity and subject matter of the call. Under this record, Plaintiff cannot establish a violation of § 1692d(6), and Defendant is entitled to summary judgment in its favor on this claim.

### 3. § 1692f (unfair practices)

Plaintiff's final FDCPA claim alleges a violation of § 1692f. Under § 1692f, it is a violation of the FDCPA to employ "unfair or unconscionable means" in the collection of a debt. 15 U.S.C. § 1692f.

In support of Plaintiff's claim, she alleges that: (1) Defendant threatened her with a lawsuit, and to date, no such lawsuit has been filed; (2) Defendant contacted her everyday, several times a day, in an attempt to collect on this alleged debt; and (3) Defendant was rude and abusive in conversations with her by hanging up on her and refusing to provide her with its address. (Compl. ¶¶ 17, 19-20, 22; Saltzman Aff., Def.'s Mot., Ex. 1 at 15.)

Again, specific provisions of the FDCPA address the type of conduct alleged in these paragraphs and are discussed in other parts of this Opinion.[7] As more specific FDCPA

---

[7] For example, see discussion regarding § 1692e(5); § 1692d.

16

claims lack evidentiary support, Plaintiff's more generalized, and equally unsupported, § 1692f claim must also fail. *See Taylor*, 510 F.Supp.2d at 1217. Additionally, Plaintiff has failed to offer any credible evidence to support how this conduct was also unfair or unconscionable under § 1692f.

The record does not suffice to raise a genuine issue of material fact as to Plaintiff's § 1692f claim. Defendant is entitled to summary judgment in its favor on this claim.

### B. State Law Claims (MCPA & MOC)

Plaintiff's complaint sets forth seven alleged violations of the MCPA and seven alleged violations of the MOC. (Compl. ¶¶ 38-45.) The listed violations of the MCPA and the MOC "mirror" each other. Plaintiff's state-law claims are based on the same underlying conduct as the alleged FDCPA claims. (Compl. ¶¶ 17, 19-24; Saltzman Aff., Def.'s Mot., Ex. 1 at 15.)

#### 1. MCPA, Mich. Comp. Laws §§ 445.252(a), (e), (f)(I), (f)(ii), (g), (n); MOC, Mich. Comp. Laws §§ 339.915(a), (e), (f)(I), (f)(ii), (g), (n)

The first six alleged MCPA and MOC violations[8] have counterpart violations in the FDCPA, which have been previously discussed in this Opinion. Having found that Defendant is entitled to summary judgment in its favor on Plaintiff's FDCPA claims, the Court holds that Defendant is likewise entitled to summary judgment in its favor on Plaintiff's parallel state-law claims: Mich. Comp. Law §§ 445.252(a), (e), (f)(I), (f)(ii), (g), (n); 339.915(a), (e), (f)(I), (f)(ii), (g), (n).

#### 2. MCPA, Mich. Comp. Laws § 445.252(q); MOC, Mich. Comp. Laws § 339.915(q)

---

[8] MCPA, Mich. Comp. Laws §§ 445.252(a), (e), (f)(i), (f)(ii), (g), (n); MOC, Mich. Comp. Law §§ 339.915(a), (e), (f)(i), (f)(ii), (g), (n)

The seventh alleged MPCA and MOC violation has not been previously addressed, and no counterpart FDCPA violation has been alleged. Under MCPA, Mich. Comp. Laws § 445.252(q), and MOC, Mich. Comp. Laws § 339.915(q), a debt collection agency's failure "to implement a procedure designed to prevent a violation by an employee" is a violation. Although Defendant has not specifically addressed this claim in its brief, it has generally moved for summary judgment on all of Plaintiff's state-law claims.

In support of Plaintiff's claim, she offers nothing more than six broad allegations contained in her Complaint, each of which has been previously discussed in this Opinion: (1) Defendant threatened Plaintiff with a lawsuit, and to date, no such lawsuit has been filed; (2) Defendant contacted Plaintiff everyday, several times a day, in an attempt to collect on this alleged debt; (3) Defendant continued to call Plaintiff several times after Plaintiff repeatedly asked Defendant to stop calling her; (4) Defendant was rude and abusive in conversations with Plaintiff by hanging up on Plaintiff and refusing to provide her with its address; (5) Defendant failed to state that they are a debt collector attempting to collect a debt in every conversation with Plaintiff; and (6) Defendant failed to state its company name in every conversation with Plaintiff. (Compl. ¶¶ 19-24; Saltzman Aff., Def.'s Mot., Ex. 1 at 15.)

"Characteristically, however, Plaintiff has advanced only a general contention, and has not endeavored to identify any specific defect in Defendant's procedures that might have caused or contributed to the alleged violation–and, in any event, Plaintiff has failed to produce evidence that any such violations occurred." *Millsap*, No. 07-11915, slip op. at 25. Plaintiff has not included any statement or other evidence in her affidavit nor has she

18

testified at her deposition that Defendant has failed to implement corporate procedure designed to prevent violations by its employees. Accordingly, the Court awards summary judgment in Defendant's favor on this final state-law claim.[9]

## IV. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

[9] Defendant, in its brief on this motion, argued that this Court may alternatively dismiss Plaintiff's state-law claims without addressing their merits by declining to exercise supplemental jurisdiction. Because the parties are diverse, Plaintiff a citizen of Michigan and Defendant a citizen of Minnesota, the Court is foreclosed from pursuing this option. (Def.'s Mot. at 1; Compl. ¶¶ 1-2; Notice of Removal at 1.)